```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
LEPATNER AND ASSOCIATES, LLP,       :
                                    :
              Plaintiff,            :
                                    :
         -v-                        :      21-cv-3890 (JSR)
                                    :
RSUI GROUP, INC.,                   :      MEMORANDUM ORDER
                                    :
              Defendant.            :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Now before the Court is the motion of Defendant RSUI Group, Inc. ("RSUI"), seeking to dismiss one of three claims in this insurance dispute. By way of background, plaintiff LePatner and Associates, LLP ("LePatner"), a law firm, brought suit against RSUI, the representative of the company that issued LePatner's professional liability policy. LePatner's complaint contains three counts: (I) a claim for declaratory judgment that RSUI has breached its obligation to defend and indemnify LePatner; (II) a claim for breach of contract for RSUI's alleged breach of its obligation to defend and indemnify LePatner; and (III) a claim for breach of the duty of good faith and fair dealing under New York law. See Compl. (ECF No. 2) ¶¶ 23-30. Each of these claims relates to RSUI's duty in an underlying action in state court (the "Nusseibeh action"). The Nusseibehs, dissatisfied client homeowners, brought suit against LePatner and its associated construction management

entity, LePatner Project Solutions, LLC, as well as other defendants who are not parties in this case. The Nusseibeh complaint alleged breach of contract, unfair trade practices, and negligence related to a home renovation project. RSUI has been paying defense costs for LePatner in the Nusseibeh action, but has not been paying the costs associated with defending LePatner Project Solutions.

Accordingly, in this case, LePatner ultimately seeks to require RSUI to pay for the costs associated with defending LePatner Project Solutions. LePatner initially sought an order to show cause and preliminary injunction requiring RSUI to pay defense costs for LePatner Project Solutions. See ECF No. 10. By order dated July 19, 2021, the Court denied LePatner's order to show cause without prejudice. See ECF No. 18.

RSUI now seeks to dismiss Count III of LePatner's complaint, for the breach of the duty of good faith and fair dealing, as duplicative as a matter of law of Count II's breach of contract claim. See ECF Nos. 21, 23. A claim alleging breach of the implied covenant of good faith and fair dealing is duplicative of a breach of contract claim and subject to dismissal "unless [an insured] alleges that [the insurer] violated a duty that is independent of the insurance contract." Northwell Health, Inc. v. Lexington Ins. Co., No. 21-CV-1104 (JSR), 2021 WL 3139991, at *9 (S.D.N.Y. July

26, 2021). More specifically, to show that an insurance company is liable for bad faith conduct, a plaintiff "must plead facts supporting the inference that [the insurer] breached a duty to plaintiff that existed independently of the insurance contract." Binder v. Nat'l Life of Vt., No. 02-CV-6411 (GEL), 2003 WL 21180417, at *5 (S.D.N.Y. May 20, 2003). LePatner has not met these required pleadings here. As set forth in further detail below, the Court thus grants RSUI's motion to dismiss Count III.

## LEGAL STANDARD

In order to survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A Court assessing a motion to dismiss "accept[s] all factual allegations in the complaint and draw[s] all reasonable inferences in the plaintiff's favor." ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

---

[1] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

Under New York law, parties to an express contract are bound by an implied covenant of good faith and fair dealing; however, breach of that duty is not a separate injury, but rather "merely a breach of the underlying contract." Harris v. Provident Life & Acc. Ins. Co., 310 F.3d 73, 80 (2d Cir. 2002) (affirming dismissal of good faith and fair dealing claim as duplicative of breach of contract in insurance dispute). As such, "courts routinely dismiss a claim for breach of an implied covenant of good faith as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach . . . of an express provision of the underlying contract." Concesionaria DHM, S.A. v. Int'l Fin. Corp., 307 F. Supp. 2d 553, 564 (S.D.N.Y. 2004). A plaintiff can maintain a claim for breach of the implied covenant of good faith and fair dealing "only if it is based on allegations different than those underlying the accompanying breach of contract claim." Id. at 564.

## DISCUSSION

Count II of the complaint, for breach of contract, incorporates the previously listed allegations, including the following: that in refusing to pay defense costs for LePatner Project Solutions, RSUI took a position "contrary to [its] obligation to provide a complete defense to its insured under New

York law in circumstances such as this one," Compl. (ECF No. 2) ¶ 18; that due to "an emerging conflict of interest," RSUI "unilaterally determined that it would terminate Winget Spadafora and replace that firm with another" and that the new law firm "declined to accept the assignment when it was informed about RSUI's attempt to change defense counsel without LePatner's consent," id. ¶¶ 19-21; and finally, that "RSUI's position on the defense of the *Nusseibeh* action has placed LePatner in the untenable position of being unable to present an adequate defense to the claims, to participate fully in a court-conducted mediation, or to prepare for trial of the matter," id. ¶ 22.

Count III of the complaint, for breach of the duty of good faith and fair dealing, adds no further allegations to what is incorporated in regard to Count II, and provides no facts to support an inference that RSUI breached a duty to LePatner that existed independently of the insurance contract.[2] Count III alleges that RSUI failed to provide "a full and complete defense in the

---

[2] RSUI also argues that LePatner has not adequately pleaded facts to plausibly allege that RSUI has breached the implied covenant of good faith and fair dealing. See Def. Br. (ECF No. 23) at 13-14. However, as RSUI itself argues, the implied covenant of good faith and fair dealing is properly analyzed under the breach of contract claim in Count II. See id. at 10-12. While RSUI's arguments on this score may be relevant to analysis of Count II at some future stage, the Court need not reach the issue to resolve this motion to dismiss Count III as duplicative of Count II as a matter of law.

*Nusseibeh* action," id. ¶ 28; that RSUI "created a conflict of interest" between LePatner and its chosen defense counsel, id. ¶ 29; and that RSUI's "unilateral attempt to terminate LePatner's chosen defense counsel and to replace it with counsel of RSUI's choosing . . . has harmed LePatner's interests in connection with the defense of the *Nusseibeh* action," id. ¶ 30.

Not only are Count III's allegations nearly identical to those in Count II, but they also fail to add any facts to support the inference that RSUI has breached a duty to LePatner that existed independently of the insurance contract. As such, Count III's claim for breach of the duty of good faith and fair dealing is duplicative of Count II's breach of contract claim as a matter of law. See New York Univ. v. Cont'l Ins. Co., 87 N.Y.2d 308, 319-20 (N.Y. 1995); see also Harris, 310 F.3d at 80; Concesionaria, 307 F. Supp. 2d at 564.

The Court therefore grants RSUI's motion to dismiss Count III. The Clerk of Court is hereby directed to close the entry at docket number 21.

SO ORDERED.

Dated:   New York, NY
         October 4, 2021                    _____
                                            JED S. RAKOFF, U.S.D.J.