# EXHIBIT K



# Professional Liability Insurance

## CLAIM OFFICE:

**Mail claims to:**
945 E. Paces Ferry Rd.
Suite 1800
Atlanta, GA 30326-1160

**Fax claims to:**
(404) 231-3755
(Attn: Claims Department)

**Email claims to:**
reportclaims@rsui.com

RSG 51029 1114



# PROFESSIONAL LIABILITY POLICY DECLARATIONS
## (Claims-Made and Reported Form)

### Landmark American Insurance Company
(An Oklahoma Stock Co.)
(hereinafter called "the Company")

EXECUTIVE OFFICES: 945 East Paces Ferry Road, Suite 1800, Atlanta, GA 30326-1160

**Policy Number:** LHR761397      **RENEWAL OF:** NEW

**Named Insured and Mailing Address:**      **Producer Name:**

LEPATNER AND ASSOCIATES, LLP
10 EAST 40 STREET
17TH FLOOR
NEW YORK, NY 10016

**Policy Period:** **From:** 1/1/2017   **To:** 1/1/2018   at 12:01 A.M. Standard Time at the Named Insured address as stated herein.

IN CONSIDERATION OF THE PAYMENT OF THE PREMIUM, IN RELIANCE UPON THE STATEMENTS HEREIN OR ATTACHED HERETO, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, THE COMPANY AGREES WITH THE NAMED INSURED AS FOLLOWS:

| | | | |
|---|---|---|---|
| 1. | **NAMED INSURED'S PROFESSIONAL SERVICES:** | LAW FIRM | |
| 2. | **LIMITS OF LIABILITY:** | $ 1,000,000 | **Each Claim** |
| | | $ 2,000,000 | **Aggregate Limit** |
| 3. | **DEDUCTIBLE:** | $ 15,000 | **Each Claim** |
| 4. | **RETROACTIVE DATE:** | January 01, 1997 | |
| 5. | **PREMIUM:** | $ 21,420.00 | Not Subject to Audit |

6. **FORMS AND ENDORSEMENTS ATTACHED AT INCEPTION:**

See attached forms list.

**THESE DECLARATIONS TOGETHER WITH A SIGNED COPY OF THE NAME INSURED'S APPLICATION FOR THIS POLICY, COVERAGE FORM(S), FORMS AND ENDORSEMENTS, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.**

NOTICE: THIS IS A CLAIMS-MADE AND REPORTED POLICY. PLEASE READ THE POLICY CAREFULLY AND DISCUSS THE COVERAGE AFFORDED BY THE POLICY WITH YOUR INSURANCE AGENT OR BROKER.

| | |
|---|---|
| January 05, 2017 | By: |
| Date | Authorized Representative |

Stub ID#:    364356    Binder D#
Created By:   RN

RSG 50004 0714

**LANDMARK AMERICAN INSURANCE COMPANY**

## SCHEDULE OF POLICY ATTACHMENTS AND FORMS

| Form Number | Form Title |
| --- | --- |
| RSG 51011 0415 | Lawyers Professional Liability Coverage Form Claims Made and Reported Basis |
| ENDT-01 | Minimum Retained Premium - RSG 54025 0405 |
| ENDT-02 | New York Surplus Lines Disclosure Notice |
| ENDT-03 | Nuclear Energy Liability Exclusion - RSG 56058 0903 |
| ENDT-04 | Service Of Suit - RSG 94022 0407 |
| ENDT-05 | State Fraud Statement - RSG 99022 0415 |
| ENDT-06 | Violation of Consumer Protection Laws Exclusion - RSG 56121 0216 |

**Policy No.:** LHR761397

RSG 54081 0710

CONFIDENTIAL

# LAWYERS PROFESSIONAL LIABILITY COVERAGE FORM
# CLAIMS MADE AND REPORTED BASIS

Throughout this document, the word "Insured" means any person or entity qualified as such under **Part I. E. Covered Persons and Entities**. The word "Company" refers to the Company providing the insurance shown on the Declarations.

Other words and phrases that appear in **bold** have special meaning. Refer to **Part III. Definitions.**

### Part I.  Insuring Agreements

#### A.  Covered Services

The Company will pay on behalf of the Insured as shown in the Declarations, all sums that the Insured becomes legally obligated to pay as **Damages** and associated **Claim Expenses** arising out of a negligent act, error, omission, or **Personal Injury**, even if the **Claim** asserted is groundless, false or fraudulent, in the rendering of or failure to render **Professional Services** as a Lawyer, provided that the:

1.  **Claim** is first made against the Insured during the **Policy Period,** and reported to the Company no later than thirty (30) days after the end of the **Policy Period**;

2.  Negligent act, error or omission or **Personal Injury** took place in a covered territory;

3.  Negligent act, error or omission or **Personal Injury** took place after the **Retroactive Date** shown in the Declarations.

#### B.  Defense and Settlement

The Company will have the right and duty to defend any **Claim** against an Insured seeking **Damages** to which this Policy applies, even if any of the allegations of the **Claim** are groundless, false or fraudulent. The Company's right and duty to defend any **Claim** shall end when the Company's Limit of Liability has been exhausted by payment of **Damages** and/or **Claim Expenses,** or has been tendered to the Insured, or to a court of competent jurisdiction.

The Company shall not settle any **Claim** without the Insured's written consent. If, however, the Insured refuses to consent to any settlement recommended by the Company and elects to contest the **Claim,** or continue any legal proceedings in connection with such **Claim,** then the Company's maximum liability shall be limited to the amount for which the **Claim** could have settled, including the total amount of **Claims Expenses** incurred up to the date of the Insured's refusal. Such amounts are subject to the provisions of **Part I. C. Policy Limits.**

The Insured shall not admit any liability for or settle any **Claim** or incur any costs, charges or expenses without the written consent of the Company.

#### C.  Policy Limits

Regardless of the number of persons or entities Insured or included in **Part I. E. Covered Persons and Entities,** or the number of claimants or **Claims** made against the Insured:

1.  The maximum liability of the Company for **Damages** and **Claim Expenses** resulting from each **Claim** first made against the Insured during the **Policy Period** and the Extended Reporting Period, if purchased, shall not exceed the amount shown in the Declarations as each **Claim**;

2.  The maximum liability of the Company for all **Damages** and **Claim Expenses** as a result of all **Claims** first made against the Insured during the **Policy Period** and the Extended Reporting Period, if purchased, shall not exceed the amount shown in the Declarations as Aggregate.

The Company shall not be obligated to pay any **Claim** for **Damages** or defend any **Claim** after the applicable Limit of Liability has been exhausted by payment of judgments, settlements, **Claim Expenses** or any combination thereof.

**Claim Expenses** are part of and not in addition to the applicable Limits of Liability. Payment of **Claim Expenses** by the Company reduces the applicable Limits of Liability.

CONFIDENTIAL                                                                            RSUI_001740

The inclusion of more than one Insured, or the making of **Claims** by more than one person or organization, does not increase the Company's Limit of Liability. All **Claims** arising out of a single negligent act, error or omission, or a series of related negligent acts, errors or omissions by one or more Insureds shall be treated as a single **Claim** for all purposes of this policy. All **Claims** shall be deemed first made when the earliest of such **Claims** is first made, regardless of whether such date is before or during the **Policy Period** and all such **Claims** shall be subject to the same Each Claim Limit of Liability during that **Policy Period**.

### D.  Deductible Provisions

The deductible amount stated in the Declarations shall be paid by the Insured. The deductible amount applies to each **Claim,** and includes **Damages** or **Claim Expenses,** whether or not a loss payment is made. If the deductible amount is initially paid by the Company, upon written request of the Company, the Named Insured shall reimburse the amount paid within thirty (30) days.

### E.  Covered Persons and Entities

1.  Named Insured as shown in the Declarations, and if the Named Insured is an individual, his or her spouse, or domestic partner, but only with respect to the **Professional Services** rendered by or on behalf of the Named Insured;

2.  any **Predecessor Firm(s)**;

3.  any lawyer or professional corporation who was a principal, shareholder, partner, officer, director, member, manager, employee or independent contractor of any **Predecessor Firm(s)**, or who was, is or becomes a principal, shareholder, partner, officer, director, member, manager, employee or independent contractor of the Named Insured, but only while acting on behalf of the Named Insured and within the scope of their duties as a lawyer;

4.  the estate, heirs, executors, administrators, and legal representatives of any Insured in the event of such Insured's death, incapacity, insolvency or bankruptcy, but only to the extent that such Insured would otherwise be provided coverage under this policy;

5.  any person or professional corporation designated "of counsel" to the Named Insured or any **Predecessor Firm(s)**, but only while such person or professional corporation is/was acting on behalf of the Named Insured or any **Predecessor Firm(s)** and within the scope of their duties as a lawyer;

6.  any non-lawyer who was an employee of any **Predecessor Firm(s)** or who was, is or becomes an employee of the Named Insured, but only while such employee is/was acting within the scope of his or her duties as an employee of the Named Insured or any **Predecessor Firm(s)** and;

7.  any organization the Named Insured newly acquires or forms but only if and when the Company provides the Named Insured written acceptance. This provision applies to any partner, officer, director, member, manager, employee or independent contractor of such newly acquired or formed organization, subject to the above described written acceptance in the form of an endorsement issued by the Company to form a part of this policy.

A premium adjustment or revision of limits, deductible or coverage may be required by the Company as a result of any such change.

### F.  Covered Territory

This policy applies to covered **Claims** arising out of negligent acts, errors or omissions, or **Personal Injury** committed anywhere in the world. However, the policy does not provide coverage for **Claims** made against the Insured in countries where the United States of America has declared or imposed a trade embargo or sanctions, or in countries where the United States of America does not maintain diplomatic relations.

### G.  Extended Reporting Period

If the policy is not renewed for any reason or is cancelled for any reason other than for nonpayment of premium or deductible (whether cancelled by the Company or by the Named Insured), the Named Insured as shown in the Declarations, has the right to purchase, within thirty (30) days of policy termination, an extension of the coverage granted by this policy. This reporting period extension shall remain in force for a period of either twelve (12), twenty-four (24) or thirty-six (36) months after the policy terminates, but only for **Claims** resulting from negligent acts, errors or omissions, or **Personal Injury** committed before the effective date of the cancellation or nonrenewal, and otherwise covered by this policy. Increased premiums or deductibles or modifications of coverage terms or conditions upon renewal

CONFIDENTIAL                                                                    RSUI_001741

do not constitute cancellation or nonrenewal.

The premium for this Extended Reporting Period will not exceed one hundred percent (100%) for twelve months, one hundred fifty percent (150%) for twenty-four months or one hundred seventy-five percent (175%) for thirty-six months of the full annual premium set forth in the Declarations and any attached endorsements, and must be elected and paid within thirty (30) days after the effective date of the policy's termination. Such additional premium is deemed fully earned immediately upon the inception of the Extended Reporting Period.

The Extended Reporting Period is added by endorsement and, once endorsed, cannot be cancelled. The Extended Reporting Period does not reinstate or increase the Limits of Liability. The Company's Limits of Liability during the Extended Reporting Period are part of, and not in addition to, the Company's Limits of Liability stated in the Declarations.

### H. Supplementary Coverages

It is agreed that any and all payments made for the following is included within, and shall not be in addition to, the Policy Limits as described in this Policy.

The Company will provide for the defense of any action (**Claim Expenses** only) brought against an Insured by any licensing board, disciplinary board, peer review committee, or similar entity alleging professional misconduct or violation of the rules of professional conduct arising out of the Insured's performance of professional services as described in the Declarations.  The Company's obligation to defend an Insured under the provision is subject to a sub-Limit of Liability in an aggregate amount of $25,000, but only for **Claims Expenses** as incurred by attorneys appointed by the Company.

This sub-Limit of Liability is the maximum amount payable under this provision for the **Policy Period**, regardless of the number of disciplinary proceedings first commenced during the **Policy Period** or the number of Insureds subject to disciplinary proceedings.  There will be no deductible for payments made under this provision, and any such payments are a part of, and not in addition to, the Company's Limits of Liability as described in the Declarations.

The Company will pay reasonable expenses incurred by the Insured at the Company's request to assist in the investigation of the **Claim** or defense of the suit, including actual loss of earnings up to $500 a day for each Insured because of time off from work, subject to an aggregate amount of $5,000 for each individual Insured for each **Claim**, not to exceed an aggregate amount of $10,000 per **Policy Period**. There will be no deductible for payments made under this provision, and any such payments are a part of, and not in addition to, the Company's Limits of Liability as described in the Declarations.

## Part II. Exclusions

This policy does not apply to any **Claim** or **Claim Expenses** based upon or arising out of:

A. Actual dishonest, fraudulent, criminal, intentionally wrongful or malicious act, error, or omission committed by any Insured.  However, this Exclusion shall not apply unless the dishonest, fraudulent, criminal, intentionally wrongful or malicious act, error, or omission is established or proven by:

  1. an admission by any Insured; or

  2. a finding, determination, or ruling order or judgment in a judicial, administrative or arbitration proceeding.

  However, nothing in the foregoing shall exclude coverage for any other Insured who has neither ratified, nor participated in committing, nor personally acquiesced in, nor remained passive after having personal knowledge of such act or omission.

B. **Bodily Injury,** or humiliation sustained by any person; but this exclusion will not apply to mental anguish, emotional distress or humiliation caused solely by **Personal Injury**.

C. **Property Damage.**

D. Any **Claim** arising out of the Insured's capacity as:

  1. An officer, director, partner, stockholder or employee of a business enterprise not named in the Declarations, charitable organization or pension, welfare, profit sharing, mutual or investment fund or trust;

  2. A public official or an employee of a governmental body, subdivision or agency;

  3. A fiduciary under the Employee Retirement Income Security Act of 1974 and its amendments or any

---

RSG 51011 0415

CONFIDENTIAL

RSUI_001742

regulation or order issued pursuant thereto.

**E.** Any entity other than the Named Insured or any **Predecessor Firm** in which any Insured or any **Related Individual(s)** of an Insured has an ownership or controlling interest excess of ten percent (10%), whether such ownership interest or control is financial or otherwise.

**F.** A **Claim** by one Insured under this policy against another Insured under this policy.

**G.** Any alleged act, error, omission, **Personal Injury** or circumstance likely to give rise to a **Claim** that an Insured had knowledge of prior to the effective date of this policy. This exclusion includes, but is not limited to, any prior **Claim** or possible **Claim** referenced in the Insured's application.

**H.** The actual or alleged theft, stealing, conversion, commingling, embezzlement, or misappropriation by any person of any kind of monies, funds, negotiable instruments, securities, property of any kind or assets of any kind.

**I.** Any **Claim** against an Insured as the beneficiary or distributee of any trust or estate.

**J.** Any obligation or liability assumed by the Insured under any contract or any oral or written agreement, unless liability would have attached in the absence of such a contract or agreement.

**K.** A counterclaim to any lawsuit any Insured may file against a client to collect fees.

**L.** The notarization of a signature without the physical appearance of the signator before the Insured.

**M.** The Insured knowingly rendering or failing to render professional services to two or more parties of divergent, varying or opposed interests, thereby creating an actual conflict of interest.

**N.** An alleged or actual violation of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. Sections 1961 et seq.("RICO"), and any and all amendments thereto, and any rule, regulation, or order issued pursuant thereto, or alleging any violation of any similar state anti-racketeering or organized crime legislation.

**O.** Actual or alleged discrimination of any kind including, but not limited to, discrimination based upon race, color, creed, age, religion, sex, marital status, national origin or disability.

**P.** Recommendations, representations, or opinions concerning specific investment advice by any Insured or any person or organization referred to by any Insured in connection with portfolio or trust account management, or the performance or non performance of securities, real estate, or other investments.

**Q.** **Claim** made by a **Related Individual** of any Insured.

**R.** Suits brought against any Insured if such **Claim** or suit arises out of an act, error, omission or **Personal Injury** of another person or entity with whom the Insured shares common office space or common office facilities and who is not an Insured under this policy.

**S.** Any violation of the Securities Exchange Act of 1933, the Securities Exchange Act of 1934, the Investment Advisors Act of 1940, The Investment Company Act of 1940, the Trust Indenture Act of 1993, The Public Utilities Holding Act of 1935; or any State Blue Sky Laws or securities laws or any rules, regulations or amendments issued in relation to such acts; or

   1. any **Claim** based upon common law principles of liability if made in connection with an actual or alleged violation of any law listed above; or

   2. any **Claim** arising out of your **Professional Services** involving, directly or indirectly, any state or municipal financing or bonds; or

   3. any **Claim** based upon or arising out of the formation, syndication, operation or administration of any limited partnership and/or joint venture.

**T.** Any regulatory authority or administrative actions brought by a federal, state or local governmental entity including, but not limited to: any actions, decisions, orders or proceedings by the Federal Trade Commission, Federal Communications Commission or any other federal, state or local governmental agency.

**U.** Infringement of patent.

**V.** Any **Claim** or litigation against any Insured occurring prior to, or pending as of the inception date of this policy including (but not limited to), **Claims**, demands, causes of actions, legal or quasi-legal proceedings, decrees, or judgments; or any subsequent litigation or **Claims** arising from or based on substantially the same matters as alleged in the pleadings of such prior or pending litigation; or any

CONFIDENTIAL                                                                 RSUI_001743

act, error, omission or **Personal Injury** of any insured(s) which gave rise to such prior or pending litigation or **Claims**.

**W.** 1. Refusal to employ;

   2. Termination of employment;

   3. Coercion, demotion, performance evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination, retaliation or other employment related practices, procedures, policies, acts or omissions; or

   4. Consequential **Bodily Injury** or **Personal Injury** as a result of (1) through (3) above.

   This exclusion applies whether the Insured may be held liable as an employer or in any other capacity and to any obligation to share **Damages** with or to repay someone else who must pay **Damages** because of the injury.

   It is further agreed that no coverage shall apply under this policy to any **Claim** brought by or against any spouse, child, parent, brother or sister of the Insured or any other person. The Company shall not have a duty to defend any **Claim**, suit, arbitration or any other form of a trial court proceeding.

**X.** Or involving the ownership, maintenance, use (including operation, loading and unloading), or entrustment to others of any aircraft, automobile, motor vehicle, mobile vehicles or watercraft owned or operated by or rented or loaned to any insured. Use includes operation, loading and unloading.

**PART III.   Definitions**

**A.** **Bodily Injury** means physical or mental injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**B.** **Claim** means a written demand for monetary or non-monetary relief received by the Insured during the **Policy Period**, including the service of suit, or the institution of an arbitration proceeding. Additionally, **Claims** that arise from an incident, occurrence or offense first reported by the Insured during the **Policy Period** and accepted by the Company in accordance with **Part IV. A. Notice of Claim** will be considered a **Claim** first made during the **Policy Period**.

**C.** **Claim Expenses** means expenses incurred by the Company or the Insured with the Company's consent, in the investigation, adjustment, negotiation, arbitration, mediation and defense of covered **Claims**, whether paid by the Company or the Insured with the Company's consent, and include:

   1. Attorney fees;

   2. Costs assessed against the Insured in any **Claim** defended by the Company;

   3. Interest on the full amount of any judgment that accrues after entry of the judgment and before the Company has paid, offered to pay or deposited in court that part of the judgment within the applicable Limit of Liability;

   4. The cost of appeal bonds or bonds to release attachments, but only for bond amounts within the available applicable policy limit, and only if said **Claim** is covered by the policy;

   5. Reasonable expenses incurred by the Insured at the Company's request other than:

      a. Loss of earnings;

      b. Salaries or other compensation paid to the Insured or any employee of the Insured.

**D.** **Damages** means monetary judgment, award or settlement, except those for which insurance is prohibited by law. **Damages** does not include punitive or exemplary **Damages**, fines, penalties, sanctions, taxes, awards or **Damages** that are multiples of any covered **Damages**, disputes over fees, deposits, commissions or charges for goods or services.

**E.** **Policy Period** means the period of time stated in the Declarations or any shorter period resulting from policy cancellation or amendment to the policy.

**F.** **Personal Injury** means injury, other than **Bodily Injury**, arising out of one or more of the following actual or alleged offenses by the Insured in the performance of **Professional Services** as a lawyer:

   1. False arrest, detention or imprisonment;

   2. Malicious prosecution and malicious abuse of process;

---

RSG 51011 0415

CONFIDENTIAL

RSUI_001744

3. Wrongful entry or eviction or invasion or violation of the right of private occupancy;

4. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

5. Oral or written publication of material that violates a person's right of privacy.

G. **Property Damage** means injury to tangible property, including all resulting loss of use of that property, or loss of use of tangible property that is not physically injured.

H. **Retroactive Date** means the date stated in the Declarations on or after which any alleged or actual negligent act, error or omission or **Personal Injury** must have first taken place in order to be considered for coverage under this policy.

I. **Professional Services** means only services performed for others by an Insured as an escrow agent, lawyer, notary public, administrator, conservator, executor, guardian, guardian ad litem, arbitrator, mediator, trustee, and title insurance agent.

J. **Predecessor Firm** means any lawyer, law firm, or professional legal corporation engaged in the practice of law which has undergone dissolution, and either:

1. to whose financial assets and liabilities the **Named Insured** is the majority successor in interest, provided such principals, shareholders, partners or officers were responsible for production in excess of fifty percent of the prior law firm's annual gross billings and such billings have been assigned or sent over to the **Named Insured**, or

2. at least fifty percent of the principals, shareholders, partners or officers of the prior law firm have joined the **Named Insured**.

K. **Related Individual**, whenever used in this policy, means the spouse, former spouse, children, stepchildren, former stepchildren, grandchildren, parents and siblings of an Insured and any trust or estate of which any of them is a beneficiary.

## PART IV.  Conditions

### A.  Notice of Claim

The Insured must notify the Company as soon as practicable of an incident, occurrence or offense that may reasonably be expected to result in a **Claim**. Where notice to the Company of such incidents, occurrences or offenses has been acknowledged as adequate by the Company in writing, subsequent **Claims** derived from such incidents, occurrences or offenses will be deemed as first made at the time the incident, occurrence or offense giving rise to such **Claim** was first provided. The Insured also must immediately send copies to the Company of any demands, notices, summonses or legal papers received in connection with any **Claim**, and must authorize the Company to obtain records and other information. Please send all claim information to:

> Attention: **Claims** Dept.
> RSUI Group, Inc.
> 945 East Paces Ferry Road, Suite 1800
> Atlanta, Georgia 30326-1160
> Or Via Email:
> reportclaims@rsui.com

### B.  Prohibition of Voluntary Payments and Settlements

With respect to any **Claim** covered under this policy, the Insured shall not, except at the Insured's own expense, make any payment, admit liability, settle **Claims,** assume any obligation, agree to arbitration or any other means of dispute resolution, waive any rights or incur any expenses without prior written approval by the Company.

### C.  Cooperation

The Insured shall cooperate with the Company in the conduct of the defense of a **Claim**, and upon the Company's request, submit to examination and interrogation by Company representatives, under oath if required, and attend hearings and trials, and assist in affecting settlements, securing and giving evidence, and in obtaining the attendance of witnesses.

### D.  Notice of Cancellation and Nonrenewal

The Named Insured may cancel this policy by mailing or delivering to the Company advance written

CONFIDENTIAL                                                                              RSUI_001745

notice of cancellation.

For other than nonpayment of premium or deductible, the Company will give the Named Insured sixty (60) days written notice prior to cancellation or nonrenewal of this policy by mailing or delivering the notice to the first Named Insured's last known mailing address. If the Company cancels the policy due to the Named Insured's failure to pay a premium when due, this policy may be cancelled by the Company giving not less than 10 days written notice of cancellation.

The cancellation notice will state the effective date of the cancellation and the policy will terminate on that date. If cancelled by the Company, the earned premium shall be computed pro-rata. If cancelled by the Insured, the earned premium shall be computed short rate.

### E. Premium and Audit

Premiums for this coverage are computed in accordance with the Company's rules and rates. Any premium shown as advance premium may be a deposit premium only. If the premium is a deposit premium, at the close of each audit period, the Company will compute the earned premium for that period. Audit premiums are due and payable upon notice.

The Company may examine and audit the Insured's books and records at any time during the **Policy Period** and within three years after the final termination of the policy, as far as they relate to the subject matter of this policy.

The first Named Insured listed in the Declarations must keep records of information the Company will need for premium computation and must send the Company copies of the information upon request.

### F. Authorization

The first Named Insured listed in the Declarations agrees to act as the Named Insured with respect to the giving and receiving of all notices, exercising of the Extended Reporting Period option, canceling of the policy, paying of all premiums and deductibles, and the receiving of any return premiums that may become due.

### G. Change

This policy contains all of the agreements concerning the insurance provided. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with the Company's consent. The policy terms can be amended or waived only by endorsement issued by the Company and made a part of this policy.

### H. Subrogation

In the event of any **Claim** under this policy, the Company shall be subrogated to all Insured's rights of recovery against any person or organization, and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The Insured shall do nothing after the loss to prejudice such rights.

### I. Other Insurance

This policy is excess over, and will not contribute with, any other existing insurance, unless such other insurance is specifically written to be excess of this policy.

If it is determined that both this insurance and other insurance or self insurance apply to any **Claim** on the same basis, whether primary, excess or contingent, the Company will not be liable under this policy for a greater proportion of the **Damages** or **Claim Expenses** than the applicable Limit of Liability under the policy for such **Damages** bears to the total applicable Limit of Liability of all other insurance or self insurance, whether or not collectible against such **Claim**.

### J. Actions Against the Insurer

No action will be taken against the Company unless, as a condition precedent, the Insured is in full compliance with all of the terms of this policy, and until the amount of the Insured's obligations to pay have been finally determined, either by judgment against the Insured, after actual trial, or by written agreement of the Insured, the claimant and the Company.

### K. Non-Transferability

The Insured's rights and duties under this policy may not be transferred without the written consent of the Company.

CONFIDENTIAL                                                                                               RSUI_001746

**L.  Coverage in Bankruptcy**

Bankruptcy or insolvency or receivership of the Insured or of the Insured's estate does not relieve the Company of its obligations under this policy; however, this provision does not apply if this policy is cancelled by the Company due to nonpayment of premium or deductible.

**M.  False or Fraudulent Claims**

If an Insured knowingly makes any **Claim** that is false or fraudulent, this insurance shall become void and entitlement to coverage for all **Claims** hereunder shall be forfeited.

**N.  Application**

The Insured agrees that the statements in the application are personal representations, that they shall be deemed material and that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between the Insured and the Company, or any of its agents, relating to this insurance.  The signed application, and any attachments thereto, submitted in connection with this Policy are incorporated herein and constitute a part of this Policy.

CONFIDENTIAL                                                                                              RSUI_001747

**LANDMARK AMERICAN INSURANCE COMPANY**

*This Endorsement Changes The Policy.  Please Read It Carefully.*

## MINIMUM RETAINED PREMIUM

This endorsement modifies insurance provided under the following:

**LAWYERS PROFESSIONAL LIABILITY COVERAGE FORM CLAIMS MADE AND REPORTED BASIS**

In the event of cancellation of this policy by the Insured, return premium shall be computed at .90 of the pro rata unearned policy premium, subject however to a retention by the company of not less than $5,355.00.

Nothing in this endorsement is deemed to affect the Company's cancellation rights which remain as indicated in the coverage form.

It is further agreed that return premium may be allowed on a pro rata basis if cancelled for non payment of premium or deductible, subject however to retention by the company of the minimum retained premium as shown above.

All other terms and conditions of this policy remain unchanged.

This endorsement effective    1/1/2017
Forms part of Policy Number    LHR761397
Issued to    LEPATNER AND ASSOCIATES, LLP
by    Landmark American Insurance Company

Endorsement No.:    01

RSG 54025 0405

CONFIDENTIAL

LANDMARK AMERICAN INSURANCE COMPANY

## *IMPORTANT NOTICE*

### NEW YORK SURPLUS LINES DISCLOSURE NOTICE

THE INSURER(S) NAMED HEREIN IS (ARE) NOT LICENSED BY THE STATE OF NEW YORK, NOT SUBJECT TO ITS SUPERVISION, AND IN THE EVENT OF THE INSOLVENCY OF THE INSURER(S), NOT PROTECTED BY THE NEW YORK STATE SECURITY FUNDS.   THE POLICY MAY NOT BE SUBJECT TO ALL OF THE REGULATIONS OF THE DEPARTMENT OF FINANCIAL SERVICES PERTAINING TO POLICY FORMS.

RSG 99086 0815

CONFIDENTIAL

*This Endorsement Changes The Policy.  Please Read It Carefully.*

# NUCLEAR ENERGY LIABILITY EXCLUSION

This endorsement modifies insurance provided under the following:

**LAWYERS PROFESSIONAL LIABILITY COVERAGE FORM CLAIMS MADE AND REPORTED BASIS**

**This policy does not apply;**

a. **Under any Liability Coverage,** to bodily injury or property damage;

   (1) with respect to which an Insured under the policy is also an Insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, or Nuclear Insurance Associates of Canada, or would be an Insured under any such policy but for its termination upon exhaustion of its limit of liability; or

   (2) resulting from the hazardous properties of nuclear material and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the Insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization;

b. **Under any Medical Payments Coverage** or any Supplemental Payments provision relating to first aid, to expenses incurred with respect to bodily injury resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization;

c. **Under any Liability Coverage** to bodily injury or property damage resulting from the hazardous properties of nuclear material, if:

   (1) the nuclear material (a) is at any nuclear facility owned by, or operated by or on behalf of, an insured, or (b) has been discharged or dispersed therefrom;

   (2) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or

   (3) the bodily injury or property damage arises out of the furnishing by an Insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility but if such facility is located within the United States of America, its territories or possessions, or Canada, this exclusion (3) applies only to property damage to such nuclear facility and any property thereat;

d. **As used in this Endorsement:**

   (1) "Hazardous properties" include radioactive, toxic, or explosive properties;

   (2) "Nuclear material" means source material, special nuclear material or byproduct material;

   (3) "Source material", "special nuclear material", and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

   (4) "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor,

This endorsement effective     1/1/2017
Forms part of Policy Number    LHR761397
Issued to    LEPATNER AND ASSOCIATES, LLP
by    Landmark American Insurance Company

Endorsement No.:     03

CONFIDENTIAL                                                       RSUI_001750

(5) "Waste" means any waste material (a) containing byproduct material and (b) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (6), (a) or (b) thereof;

(6) "Nuclear facility" means:

(a) any nuclear reactor;

(b) any equipment or device designed or used for (i) separating the isotopes of uranium or plutonium, (ii) processing or utilizing spent fuel, or (iii) handling, processing, or packaging waste;

(c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the Insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste; and includes the site on which any of the foregoing is located, all operations conducted on such site, and all premises used for such operations;

(7) "Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

(8) "Property damage" includes all forms of radioactive contamination of property.

All other terms and conditions of this policy remain unchanged.

CONFIDENTIAL

RSUI_001751

**LANDMARK AMERICAN INSURANCE COMPANY**

*This Endorsement Changes The Policy.  Please Read It Carefully.*

# SERVICE OF SUIT

This endorsement modifies insurance provided under the following:

## ALL COVERAGE PARTS

In the event of our failure to pay any amount claimed to be due, we, at your request, will submit to the jurisdiction of any court of competent jurisdiction within the United States of America.  Nothing in this condition constitutes or should be understood to constitute a waiver of our rights to commence an action in any Court of competent jurisdiction in the United States, to remove an action to a United States District Court or seek a transfer of a case to another Court as permitted by the laws of the United States or of any state in the United States, moreover, this endorsement is not an agreement that the law of a particular jurisdiction applies to any dispute under the policy.

Service of process in such suit may be made upon the Senior Claims Officer of RSUI Group, Inc. 945 East Paces Ferry Road, Suite 1800, Atlanta, GA  30326-1160, or his designee. In any suit instituted against any one of them upon this contract, we will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

The above named is authorized and directed to accept service of process on our behalf in any such suit and/or upon your request to give a written undertaking to you that we will enter a general appearance upon our behalf in the event such a suit shall be instituted.

Further, pursuant to any statute of any state, territory or district of the United States of America, which makes provision therefore, we hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for the purpose in the statute, or his successor or successors in office, as our true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by you or on your behalf or any beneficiary hereunder arising out of this contract of insurance, and we hereby designate the above named as the person to whom the said officer is authorized to mail such process or a true copy thereof.

All other terms and conditions of the policy remain unchanged

This endorsement effective     1/1/2017
Forms part of Policy Number    LHR761397
Issued to     LEPATNER AND ASSOCIATES, LLP
by     Landmark American Insurance Company

Endorsement No.:     04

RSG 94022 0407

RSUI_001752

LANDMARK AMERICAN INSURANCE COMPANY

## State Fraud Statements
## Fraud Statements – Signature Required for New York Only

### ARKANSAS, LOUISIANA, RHODE ISLAND, TEXAS AND WEST VIRGINIA FRAUD STATEMENT

Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.

### ALASKA FRAUD STATEMENT

A person who knowingly and with intent to injure, defraud, or deceive an insurance company files a claim containing false, incomplete, or misleading information may be prosecuted under state law.

### ALABAMA FRAUD STATEMENT

Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or who knowingly presents false information in an application for insurance is guilty of a crime and may be subject to restitution fines or confinement in prison, or any combination thereof.

### ARIZONA FRAUD STATEMENT

For your protection Arizona law requires the following statement to appear on this form.  Any person who knowingly presents a false or fraudulent claim for payment of a loss is subject to criminal and civil penalties.

### CALIFORNIA FRAUD STATEMENT

For your protection, California law requires that you be made aware of the following: Any person who knowingly presents false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

### COLORADO FRAUD STATEMENT

It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company. Penalties may include imprisonment, fines, denial of insurance, and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado division of insurance within the department of regulatory agencies.

### DELAWARE FRAUD STATEMENT

Any person who knowingly, and with intent to injure, defraud or deceive any insurer, files a statement of claim containing any false, incomplete or misleading information is guilty of a felony.

### DISTRICT OF COLUMBIA FRAUD STATEMENT

**WARNING:** It is a crime to provide false, or misleading information to an insurer for the purpose of defrauding the insurer or any other person.  Penalties include imprisonment and/or fines.  In addition, an insurer may deny insurance benefits if false information materially related to a claim was provided by the applicant.

### FLORIDA FRAUD STATEMENT

Any person who knowingly and with intent to injure, defraud or deceive any insurer, files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony of the third degree.

A member of Alleghany Insurance Holdings LLC

CONFIDENTIAL

RSUI_001753

## HAWAII FRAUD STATEMENT

For your protection, Hawaii law requires you to be informed that any person who presents a fraudulent claim for payment of a loss or benefit is guilty of a crime punishable by fines or imprisonment, or both.

## IDAHO FRAUD STATEMENT

Any person who knowingly, and with intent to defraud or deceive any insurance company, files a statement of claim containing any false, incomplete or misleading information is guilty of a felony.

## INDIANA FRAUD STATEMENT

Any person who knowingly and with intent to defraud an insurer files a statement of claim containing any false, incomplete, or misleading information commits a felony.

## KANSAS FRAUD STATEMENT

Any person who, knowingly and with intent to defraud, presents, causes to be presented or prepares with knowledge or belief that it will be presented to or by an insurer, purported insurer, broker or any agent thereof, any written statement as part of, or in support of, an application for the issuance of, or the rating of an insurance policy for personal or commercial insurance, or a claim for payment or other benefit pursuant to an insurance policy for commercial or personal insurance which such person knows to contain materially false information concerning any fact material thereto; or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act.

## KENTUCKY FRAUD STATEMENT

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime.

## MAINE FRAUD STATEMENT

It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties may include imprisonment, fines or a denial of insurance benefits.

## MARYLAND FRAUD STATEMENT

Any person who knowingly or willfully presents a false or fraudulent claim for payment of a loss or benefit or who knowingly or willfully presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.

## MINNESOTA FRAUD STATEMENT

Any person who files a claim with intent to defraud or helps commit a fraud against an insurer is guilty of a crime.

## NEW HAMPSHIRE FRAUD STATEMENT

Any person who, with a purpose to injure, defraud or deceive any insurance company, files a statement of claim containing any false, incomplete or misleading information is subject to prosecution and punishment for insurance fraud, as provided in RSA 638:20.

## NEW JERSEY FRAUD STATEMENT

Any person who includes any false or misleading information on an application for an insurance policy is subject to criminal and civil penalties.

## NEW MEXICO FRAUD STATEMENT

Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to civil fines and criminal penalties.

RSG 99022 0415

A member of Alleghany Insurance Holdings LLC

CONFIDENTIAL                                                                                                    RSUI_001754

## OHIO FRAUD STATEMENT

Any person who, with intent to defraud or knowing that he is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud.

## OKLAHOMA FRAUD STATEMENT

WARNING: Any person who knowingly and with intent to injure, defraud, or deceive any insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete or misleading information is guilty of a felony.

## OREGON FRAUD STATEMENT

Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents materially false information in an application for insurance may be guilty of a crime and may be subject to fines and confinement in prison.

## PENNSYLVANIA FRAUD STATEMENT

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

## PUERTO RICO FRAUD STATEMENT

Any person who knowingly and with the intention of defrauding presents false information in an insurance application, or presents, helps, or causes the presentation of a fraudulent claim for the payment of a loss or any other benefit, or presents more than one claim for the same damage or loss, shall incur a felony and, upon conviction, shall be sanctioned for each violation by a fine of not less than five thousand dollars ($5,000) and not more than ten thousand dollars ($10,000), or a fixed term of imprisonment for three (3) years, or both penalties. Should aggravating circumstances be present, the penalty thus established may be increased to a maximum of five (5) years; if extenuating circumstances are present, it may be reduced to a minimum of two (2) years.

## TENNESSEE, VIRGINIA, AND WASHINGTON FRAUD STATEMENT

It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits.

## SIGNATURE REQUIRED

## NEW YORK FRAUD STATEMENT

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation.

_____

Insured/Applicant/Claimant

_____

By (Authorized Representative)

_____

Title

_____

Date

A member of Alleghany Insurance Holdings LLC

CONFIDENTIAL

LANDMARK AMERICAN INSURANCE COMPANY

*This Endorsement Changes The Policy. Please Read It Carefully.*

# VIOLATION OF CONSUMER PROTECTION LAWS EXCLUSION

This endorsement modifies insurance provided under the following:

**LAWYERS PROFESSIONAL LIABILITY COVERAGE FORM CLAIMS MADE AND REPORTED BASIS**

This insurance does not apply to any **Claim** based upon or arising directly, or indirectly, out of any actual or alleged violation of consumer protection laws including, but not limited to, the following:

1. The False Claims Act (FCA), including any amendment of or addition to such law;

2. The Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank), including any amendment of or addition to such law;

3. The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA);

4. The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

5. The Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 (CAN-SPAM Act), including any amendment of or addition to such law;

6. Any federal, state or local statute, ordinance or regulation that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information;

7. Any other law, ordinance, regulation or statute relating to any communication, distribution, publication, sending or transmission via telephone, telephone facsimile machine, computer or other telephonic or electronic devices, including claims asserted under the common law; or

8. **Claims** brought by any state or federal government agency, or any person or entity on their behalf, including qui tam **claims**, seeking to enforce any consumer protection law.

All other terms and conditions of this policy remain unchanged.

This endorsement effective    1/1/2017
Forms part of Policy Number    LHR761397
Issued to    LEPATNER AND ASSOCIATES, LLP
by    Landmark American Insurance Company

Endorsement No.:    06

RSG 56121 0216

CONFIDENTIAL

RSUI_001756

 **APPLICATION FOR LAWYERS PROFESSIONAL LIABILITY INSURANCE**

## ABOUT THE FIRM

1. The precise registered name of the applicant firm to be insured, as reflected on the firm's letterhead:

    Name: Le Pattner + Associates LLP

    Attach a sample of the firm's letterhead to this application. Inconsistencies between it and the application, including attorneys names, address, and other offices, etc. should be explained on a separate sheet of paper.

2. a. Primary Location of the firm:

    Street Address: 10 East 40 Street     17th Floor

    City: New York     County: New York     State: NY     Zip: 10016-0201

    Telephone: 212-935-4400     Fax: 212-935-4404

    Email Address: blepatner@lepatner.com     Web site Address: www.lepatner.com

    b. Is this location a work-at-home or Virtual Office Arrangement (i.e. mailing address only, reserved office space on a shared basis)?     ☐ Yes   ☒ No

    c. Is this location where the firm meets with clients? If no, please explain via Question 7 below.     ☒ Yes   ☐ No

## FIRM COVERAGE INFORMATION

*(For any yes answers please contact your agent for an additional supplement or provide an explanation on a separate piece of paper)*

| | | |
|---|---|---|
| 3. | Coverage is requested to be effective on: | 01 / 01 / 2017 |
| 4. | What year was the firm established? | 1997 |
| 5. | Type of Entity?  ☐ solo practitioner   ☐ individual attorney with employee attorney(s)   ☐ partnership   ☐ PC   ☐ PA   ☐ LLC   ☒ LLP   ☐ other ____ | |

6. Is the firm office or suites shared with attorneys other than firm members?     ☒ Yes   ☐ No

7. Does the firm have offices at locations other than the primary location listed above?     ☐ Yes   ☒ No

8. Does the firm practice in states other than the primary location?     ☐ Yes   ☒ No

9. Is the ratio of support staff to attorneys greater than 3 to 1?     ☐ Yes   ☒ No

10. For how many years has the firm been continuously insured for malpractice claims?     19

11. a. Enter the firm prior acts exclusion date, if applicable:     ___/___/___

    b. If the firm is a spin-off from another firm include the number of years that firm has been continuously insured.     _____

12. Has the firm ever purchased an Extended Reporting Period (Tail) option?     ☐ Yes   ☐ No

13. Has the firm's coverage ever been non-renewed, cancelled, rescinded or declined by another carrier?     ☐ Yes   ☐ No

14. Does the firm desire coverage for any previously-dissolved predecessor firms and those attorneys affiliated therewith?     ☐ Yes   ☒ No

15. Is there an attorney listed on the letterhead not covered by the firm's insurance?     ☐ Yes   ☒ No

16. Enter the firm's insurance history for the last five years:

| Eff Date mm/dd/yr | Insurance Company | Limits (per claim / agg) | Deductible (per claim/agg) | Covered # of atty's | Annual Premium |
|---|---|---|---|---|---|
| 01/01/2016 | CNA | 2M / 4M | 150,000 | 2 | 10,559 |
| 01/01/2015 | CNA | 2M / 4M  — | 15,000 | 3 | 16,083 |
| 01/01/2014 | CNA | 2M / 4M | 15,000 | 4 | |
| 01/01/2013 | CNA | 2M / 4M | 15,000 | 5 | 16,106 |
| 01/01/2012 | CNA | 2M / 4M | 15,000 | 7 | 15,342 |

NEW YORK G-130953-A31 (08/2013)

CONFIDENTIAL     RSUI_001757

# CNA

**APPLICATION FOR LAWYERS PROFESSIONAL LIABILITY INSURANCE**

## ATTORNEY INFORMATION

17. **Total number of attorneys:** List all of the firm's attorneys. Differences between the date attorney began practicing law for other than a corporate or governmental entity and the date the attorney was admitted to the Bar must be explained on a separate sheet of paper following the same format. List additional attorneys on a separate sheet in the same format.

| | Attorney Name | Attorney Desig. | Average # of hours per week | | | | State(s) licensed to practice law | Number of Years | | | Prior acts date | CNA Risk Mgmt * Seminar Date | NY State Bar Association Member? | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 0 | 1-10 | 11-25 | 26 + | | in practice | with this firm | continuous malpractice coverage | | | Y | N |
| 1 | Barry B. LeFahner | EP | | | | K | NY | 30 | 30 | 30 | | | ☒ | ☐ |
| 2 | Hong J. Petkowsky | FC | | | | | | | | | | | ☒ | ☐ |
| 3 | | | | | | | | | | | | | ☐ | ☐ |
| 4 | | | | | | | | | | | | | ☐ | ☐ |
| 5 | | | | | | | | | | | | | ☐ | ☐ |
| 6 | | | | | | | | | | | | | ☐ | ☐ |
| 7 | | | | | | | | | | | | | ☐ | ☐ |
| 8 | | | | | | | | | | | | | ☐ | ☐ |
| 9 | | | | | | | | | | | | | ☐ | ☐ |
| 10 | | | | | | | | | | | | | ☐ | ☐ |

**Attorney Designations:**
A    Associate
CC   Co-counsel
D    Director
E    Employee
IC   Independent Contractor

MEM   Member of Firm
MGR   Manager
O     Owner
OC    Of Counsel
OF    Officer

SP    Solo Practitioner
SPC   Special Counsel
STC   Staff Counsel
SHH   Shareholder
STH   Stockholder

**Partner Designations:**
EP    Equity Partner
NP    Non-equity Partner
P     Partner
LLP   Limited Liability Partner
RP    Retired Partner

* does not include course taken on Wlest Legal Ed website

NEW YORK G-139963-A31 (08/2013)

CONFIDENTIAL

RSUI_001758



**APPLICATION FOR LAWYERS PROFESSIONAL LIABILITY INSURANCE**

## AREAS OF PRACTICE

18.  Guidelines for completing this section:

a.  Express percentages of time devoted (billable hours) in each area during the previous year.
b.  Indicate percentages in whole numbers next to the type of law you practice, not the business client you represent.
c.  Be as accurate as possible, as casual estimates may cause inappropriate evaluation of your practice.
d.  All litigation should be coded as "civil litigation" with the exception of "criminal", "personal injury-plaintiff" and "intellectual property" which should be coded to their respective Area of Practice.

| | | |
|---|---|---|
| ___ % Admiralty / Marine – Defense | ___ % Criminal | ___ % Natural Resources / Oil & Gas |
| ___ % Admiralty / Marine – Plaintiff | ___ % Environmental | ___ % Pers Inj / Prop Dam – Defense |
| ___ % Anti-Trust / Trade Regulation | 1 % Family Law _Matrimonial_ | ___ % Pers Inj / Prop Dam – Plaintiff |
| ___ % Banking / Financial Institutions | ___ % Government Contracts / Claims | 3 % Real Estate/Title – Commercial |
| ___ % Business Transaction – Comm'l Law | ___ % Immigration / Naturalization | ___ % Real Estate/Title- Residential |
| 4 % Civil/Comm'l Litigation – Defense | ___ * % Intellectual Prop – | ___ % Securities (S.E.C.) |
| ___ % Civil/Comm'l Litigation – Plaintiff | (Copyright/Trademark/Patent) | ___ % Taxation |
| ___ % Civil Rights / Discrimination | ___ % International Law | 3 % Wills, Estate, Trust & Probate |
| ___ % Collection / Bankruptcy | ___ % Labor Management Rep | ___ % Workers Comp – Defense |
| 70 % Construction (Building Contracts) | ___ % Labor Union Rep | ___ % Workers Comp – Plaintiff |
| ___ % Consumer Claims | ___ % Local Government | ___ % Other (describe below) |
| 19 % Corporate Business Organization _General corporate Transactions_ | | TOTAL: 100 % must equal 100% |

* If any percentage, complete the Intellectual Property, Plaintiff and/or Securities Supplemental Applications.

"OTHER" Description Area: _____

## FIRM OPERATIONS AND MANAGEMENT

19.  Does the firm or any attorney of the firm have clients in the Entertainment industry?  ☐ Yes  ☒ No

If "yes" complete the Entertainment Supplemental Application.

20.  At any time in the past five years, has the firm, or any attorney of the firm (regardless of what firm they were with at the time) provided legal services in any way related to a security or securities transaction?  ☐ Yes  ☒ No

If "yes" complete the Securities Supplemental Application.

21.  Does the firm have any one client in which the firm's attorneys have an equity interest greater than 10% combined?  ☐ Yes  ☒ No

If "yes" complete the Equity / Outside Interests / Gross Billings Supplemental Application.

22.  Does the firm have any one client which represents more than 25% or more of the firm's billings?  ☒ Yes  ☐ No

If "yes" complete the Equity / Outside Interests / Gross Billings Supplemental Application.

23.  Does anyone in the firm serve as a director, officer or employee or in any other management capacity for a client?  ☐ Yes  ☒ No

If "yes" complete the Equity / Outside Interests / Gross Billings Supplemental Application.

24.  Does the firm have procedures for identifying and resolving potential or actual conflicts of interest including cross-checking of former, existing or potential clients?  ☒ Yes  ☐ No

25.  Does the firm have at least two independently maintained docket controls?  ☒ Yes  ☐ No

NEW YORK G-130953-A31 (08/2013)

CONFIDENTIAL

RSUI_001759



**APPLICATION FOR LAWYERS PROFESSIONAL LIABILITY INSURANCE**

## FIRM OPERATIONS AND MANAGEMENT (CON'T)

26. a. Does the firm regularly confirm representations in writing via use of formal engagement letters?
    Please attach a sample engagement letter on firm letterhead
    ☒ Yes   ☐ No

   b. Does the engagement letter include the following
    • Identity of the Client?   ☒ Yes   ☐ No
    • Scope of Representation that includes key terms of legal representation?   ☒ Yes   ☐ No
    • Fee structures and billing agreements?   ☒ Yes   ☐ No
    • Termination agreement that includes file retention and destruction terms?   ☒ Yes   ☐ No

   c. Does the firm ensure that a countersigned engagement letter is received from the client before work begins on a new matter?
    If 'no", to a., b. or c, please explain via attachment.   ☒ Yes   ☐ No

27. Does the firm regularly acknowledge in writing the declination or termination of representations?   ☒ Yes   ☐ No

28. For firms greater than 5 attorneys:  Does the firm require that at least two attorneys in the firm be informed of the initiation of a representation?   N/A   ☐ Yes   ☐ No

29. If you are a solo practitioner, do you have a procedure in place regarding provisions of services if you are incapacitated or otherwise unavailable?   ☒ Yes   ☐ No

30. Has the firm initiated lawsuits or arbitration procedures during the last two years to enforce the collection of unpaid fees for the firm?
    If 'yes", complete the Fee Suit Supplemental Application.   ☒ Yes   ☐ No

31. Has the Firm or any lawyer in the Firm represented publicly traded clients with services rendered involving Sarbanes-Oxley Act (SOX) compliance including but not limited to Securities, Accounting, Financial/Investment Services or Tax work?
    If "yes", please complete the Client Information supplement.   ☐ Yes   ☒ No

32. Has the firm been involved in any mass tort / class action cases within the past five years?   ☐ Yes   ☒ No
    If "yes" complete the Mass Tort / Class Action Supplemental Application.

33. Provide the firms gross revenues:

| Year | Year End Date | Gross Revenues | |
|---|---|---|---|
| Current fiscal | 12\31\2016 | $ 2,173,500 | ESTIMATED |
| Prior fiscal | 12\31\2015 | $ 1,673,900 | |
| 2 Years Prior | 12\31\2014 | $ 1,758,800 | |

34. What percentage of accounts receivable are outstanding more than 90 days? _____ %

## CLAIM / INCIDENT / DISCIPLINARY INFORMATION

35. After inquiry, is any attorney in the firm aware of:

   a. a professional liability claim made in the past five years against them, the firm, any predecessor firm, or against any current or former attorney of the firm while affiliated with the firm?   See attachment - FE b* Koch   ☒ Yes   ☐ No

   b. an actual or alleged act, omission, circumstance, or breach of duty that a reasonable attorney would recognize might reasonably be expected to result in a claim being made against the firm, any predecessor firm, or against any attorney currently or formerly affiliated with the firm or any predecessor firm, regardless of whether any such claim would be meritorious?   ☐ Yes   ☒ No

    If "yes" to a, or b above complete the Claims Supplemental Application for each claim or incident

36. a. Within the past five years, has any attorney been subject to any disciplinary inquiry, complaint or proceeding for any reason including non-payment of dues?   See attachment - FE b* Pe buchy   ☒ Yes   ☐ No

   b. Has any attorney ever been refused admission to practice, disbarred, suspended, formally reprimanded, or sanctioned in any other way?   ☐ Yes   ☒ No

    If "yes" to a or b above complete the Disciplinary Supplement unless the matter was reported under a prior CNA policy term and supplement was completed.  The Disciplinary – Status Update Supplement should be completed for renewal policies where the matter was previously reported but was still open at the last renewal.

NEW YORK G-130961-A31 (08/2013)

CONFIDENTIAL

RSUI_001760

**Fee Claims**
2016 – 7-11 13th Street Condominium

LePatner & Associates LLP as Plaintiff sued 7-11 13th Street Condominium for Arbitration for unpaid fees of $245,000. This was reported to the carrier. The client made a counterclaim of negligence which was reported to CNA. Prior to the Arbitration, the matter was settled for $237,000.

No payment was made on the claim of negligence. The following payments were made by LePatner & Associates LLP to Lewis Brisbois Bisgaard & Smith LLP on September 15, 2016:
      $7,500.00 in Settlement of Counter Claim
      $7,500.00 Legal Fees

**Prior Fee Claims**

**2013**
**Thomas Jefferson School of Law** – Our 2014 application included the attached letter regarding the action for fees that was commenced in September 2013. A settlement was negotiated with the defendants this summer and in September we received $700,000 which was allocated to several consultants for their services and over $500,000 for its fees and disbursements.

**Skadden Arps et al** – Services were provided to this entity in 2012, and an action to collect fees in excess of $100,000 was filed in 2013. This case has not been actively pursued and is now moot for failure to prosecute.

CONFIDENTIAL

LePatner & Associates LLP

Disciplinary Supplement - 2016
Harry J. Petchesky
Sua-sponte investigation as to improper issuance of deposition subpoena.
Matter   USA Recycling, Inc. v. UFS Industries Inc.
         Supreme Court Westchester County
         Index Number – 55645/2014
Mr. Harry Petchesky received notice in December 2015.
No action has been taken by the Disciplinary Committee of the First Department

This has not been reported to the carrier.


Claim Supplement – Prior Years
Henry H Korn
See attached form and narrative from prior applications.  Mr. Korn left our firm in 2013.

CONFIDENTIAL                                          RSUI_001762



**APPLICATION FOR LAWYERS PROFESSIONAL LIABILITY INSURANCE**

## Claim / Disciplinary Supplement

| FIRM NAME: | LePartner + Associates LLP   287327080 |
|---|---|

Complete one supplement for each claim, incident/potential claim or disciplinary matter. If more space is needed to fully answer any question, provide via attachment.

1. Name of individuals and Firm involved in this claim, incident or disciplinary matter:

| 1 | LePartner + Associates LLP |
|---|---|
| 2 | Harry Prechrsky |

2. Name of Additional Defendants:

| 1 | |
|---|---|
| 2 | |

3. Name of Claimant, Potential Claimants, or Individual(s) asserting a disciplinary complaint:

| 1 | |
|---|---|
| 2 | |

4. Indicate nature of this report:  ☐ Incident  ☐ Claim  ☐ Lawsuit  ☒ Disciplinary matter    Status:  ☐ Open / pending  ☐ Closed / settled  ☐ other _____

   If response is a Disciplinary Matter, go to Question 12.

5. Date of alleged act or omission:    *See attached narrative*

6. a. Date notice was received of the claim made against the firm:    ___/___/___

   b. Date the claim was reported to the firm's insurer:    ___/___/___

7. Description of claim: *(attach appropriate documentation, not suit papers)*: If this is a potential claim, include likelihood that a claim will be pursued.

   a. Alleged act or omission upon which the claim or incident is based:

   b. Description of underlying representation (including the legal services rendered) & events leading to the claim or incident:

   c. Describe type and extent of injury or damage alleged:

   d. Firm's evaluation of likelihood of liability:

   e. Was this claim asserted in a cross-claim or counterclaim in an action to collect fees?    ☐ Yes  ☐ No

RSUI_001763



**APPLICATION FOR LAWYERS PROFESSIONAL
LIABILITY INSURANCE**

## Claim / Disciplinary Supplement

| FIRM NAME: | LePartner + Associates LLP   287327080 |
| --- | --- |

Complete one supplement for each claim, incident/potential claim or disciplinary matter. If more space is needed to fully answer any question, provide via attachment.

1. Name of individuals and Firm involved in this claim, incident or disciplinary matter:

| 1 | LePartner + Associates LLP |
| --- | --- |
| 2 | Henry Kern – Former Partner |

2. Name of Additional Defendants:

| 1 | |
| --- | --- |
| 2 | |

3. Name of Claimant, Potential Claimants, or individual(s) asserting a disciplinary complaint:

| 1 | |
| --- | --- |
| 2 | |

4. Indicate nature of this report:    ☐ Incident    ☒ Claim    ☐ Lawsuit    ☐ Disciplinary matter     Status:    ☐ Open / pending    ☐ Closed / settled    ☐ other _____

   If response is a Disciplinary Matter, go to Question 12.

5. Date of alleged act or omission:      *See attached narrative*

6. a. Date notice was received of the claim made against the firm: ___ / ___ / ___

   b. Date the claim was reported to the firm's insurer: ___ / ___ / ___

7. Description of claim: *(attach appropriate documentation, not suit papers)*: If this is a potential claim, include likelihood that a claim will be pursued.

   a. Alleged act or omission upon which the claim or incident is based:

   _____

   _____

   b. Description of underlying representation (including the legal services rendered) & events leading to the claim or incident:

   _____

   _____

   c. Describe type and extent of injury or damage alleged:

   _____

   d. Firm's evaluation of likelihood of liability:

   _____

   _____

   e. Was this claim asserted in a cross-claim or counterclaim in an action to collect fees?    ☐ Yes    ☐ No

LePatner & Associates LLP
Policy Number 287327080
Renewal Application Effective January 1, 2016

Claim/Disciplinary Supplement
Status of Case - Question 5

Third Party Action on Ehrenkranz Matter

On the 2015 Application it was noted that our retained counsel, (retained by CNA), filed a motion to dismiss, seeking the dismissal of all causes of action against LePatner & Associates LLP. The motion was filed in Supreme Court Suffolk County in late October 2014.

Subsequently, a decision was rendered on the motion and all causes of action against LePatner & Associates LLP were dismissed.

RSUI_001765



**APPLICATION FOR LAWYERS PROFESSIONAL LIABILITY INSURANCE**

## REQUESTED COVERAGE

*(Some limits / deductibles / optional coverages may not be available in all states and all are subject to underwriting qualification. Your quote will reflect the coverage and options for which your firm qualifies.):*

37. a.   Select the Each Claim/Aggregate Limit the firm desires:

☐ $ 100,000/$ 300,000  ☐ $ 500,000/$ 1,000,000  ☐ $ 1,000,000/$ 2,000,000  ☐ $3,000,000/$ 3,000,000

☐ $ 250,000/$ 500,000  ☐ $ 750,000/$ 750,000  ☐ $ 2,000,000 / $ 2,000,000  ☐ $4,000,000/$ 4,000,000

☐ $ 500,000/$ 500,000  ☐ $1,000,000/$1,000,000  ☒ $ 2,000,000/$ 4,000,000  ☐ $5,000,000/$ 5,000,000

☐ Other: $_____ / $_____

b.   Select the Aggregate Deductible the firm desires:

☐ $ 1,000   ☐ $ 2,500   ☐ $4,000   ☐ $10,000   ☐ $25,000   ☐ $75,000

☐ $ 2,000   ☐ $ 3,000   ☐ $5,000   ☒ $15,000   ☐ $50,000   ☐ $100,000   ☐ Other $_____

38.   Select the optional coverages the firm desires:

☐ Per Claim Deductible     ☐ Claims Expenses Outside Limit – 50%     ☐ Claims Expenses Outside Limit – 100%

☐ First Dollar Defense – 50%   ☐ First Dollar Defense – 100%     ☐ Title Insurance Agency

*NOTE: The Title Insurance Agency optional coverage extends coverage to a specific title agency as a separate entity. A supplemental application is required.*

*Select same amounts as in prior years*

NEW YORK G-130953-A3I (05/2013)

CONFIDENTIAL

RSUI_001766

 **APPLICATION FOR LAWYERS PROFESSIONAL LIABILITY INSURANCE**

## SIGNATURE AND REPRESENTATION

Applicant hereby represents, after inquiry, that the information contained herein and in any supplemental applications or forms required hereby, is true, accurate and complete and that no material facts have been suppressed or misstated. Applicant acknowledges a continuing obligation to report to the Company as soon as practicable any material changes in all such information, after signing the application and prior to issuance of the policy, and acknowledges that the Company shall have the right to withdraw or modify any outstanding quotations and/or authorization or agreement to bind the insurance based upon such changes.

Further, Applicant understands and acknowledges that:

1. If a policy is issued, the Company will have relied upon, as representations, this application, and any supplemental applications, and any other statements furnished to the Company in conjunction with this application, all of which are hereby incorporated by reference into this application and made a part hereof.

2. This application will be the basis of the contract and will be incorporated by reference into and made part of such policy; and

3. Applicant's failure to report to its current insurance company, during the current policy period, either any claim made against any insured, or any act or omission known to any insured that may reasonably be expected to be the basis of a claim against any insured may create a lack of coverage.

4. Any attorney currently or formerly affiliated with the firm or any predecessor firm, has disclosed in this Application any actual or alleged, act, omission, circumstance or breach of duty that a reasonable attorney would recognize might reasonably be expected to result in a claim being made against the firm, any predecessor firm, or any attorney currently or formerly affiliated with the firm or any predecessor firm, regardless of whether any such claim would be meritorious.

Applicant hereby authorizes the release of claim information to the Company from any current or prior insurer of the Applicant.

### FRAUD NOTICE

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime AND MAY BE SUBJECT TO CIVIL FINES AND CRIMINAL PENALTIES and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation.

| Applicant: | | |
|---|---|---|
| By _(signature)_ | Barry B LePatner | 11-3-14 |
| SIGNATURE OF OFFICER OR PARTNER OF THE FIRM | PRINT NAME OF OFFICER OR PARTNER | DATE |

**REMINDER**

Please attach a sample of your letterhead to this application

Parsons & Associates, Inc.
The Galleries of Syracuse, Suite 704
P.O. Box 3890
Syracuse, NY 13220

NEW YORK G-139853-A31 (08/2013)

CONFIDENTIAL                                                    RSUI_001767

| RSUI Group, Inc.<br>945 East Paces Ferry Road, Suite 1800<br>Atlanta, GA 30326-1160 | CLAIMS SUPPLEMENTAL APPLICATION FOR LAWYERS<br>PROFESSIONAL LIABILITY INSURANCE |
|---|---|

**Application Instructions:**
* This form is to be completed by the Applicant who has been involved in any claim or suit within the post five (5) years, or when the Applicant is aware of any circumstance that may lead to a professional liability claim.
* If additional space is needed, please use your letterhead.
* Please type or complete this supplement in ink.
* Please answer all questions completely.
* PLEASE DO NOT ATTACH SUIT PAPERS!
* PLEASE include currently valued company loss runs for the past 7 years.

1. Name of Applicant Firm: LeRather + Associates LLP

2. Full name of individual(s) of firm involved in the claim: LeRather + Associates LLP - Henry H. Korn

3. Full name of Claimant: Daniel Trebowski

4. Indicate whether:  ☒ Claim/Suit   ☐ Incident

5. Date of alleged error: 01 / __ / 2010   Date of Claim: 01 / __ / 2010
   MM  DD  YY                                MM  DD  YY

6. Additional Defendants: N/A

7. IF CLOSED:

   Total Loss Paid including Deductible:  $ 11,022

   Indicate whether:  ☐ Court Judgment     ☒ Out of Court Settlement

8. IF PENDING:  N/A

   Claimant's settlement demand?          $

   Defendant's offer for settlement?      $

   Insurer's loss reserve?                $

   Deductible?                            $

   Is claim in Suit?   Yes ☐   No ☐       If "Yes", Amount asked in summons? $

9. NAME OF INSURER: CNA

10. Description of claim: Fee Dispute - Disciplinary Claim against attorney

    a. Alleged act, error or omission upon which Claimant bases claim: Excessive fee

    b. Description of case and events: See attached

    c. Description of the type and extent of injury or damage sustained: N/A

    d. What measures have you or will you take to prevent similar claims form arising: None - See attached

**NOTICE**

I understand that the information submitted herein becomes a part of my professional liability application and is subject to the same warranty and conditions. Must be signed and dated by an Owner, Partner, or Principal as duly authorized on behalf of the applicant.

Signature of Owner, Partner or Principal          Title: Partner          Date: 12-30-16

CONFIDENTIAL     RSUI_001768

| RSUI Group, Inc.<br>945 East Paces Ferry Road, Suite 1800<br>Atlanta, GA 30326-1160 | CLAIMS SUPPLEMENTAL APPLICATION FOR LAWYERS<br>PROFESSIONAL LIABILITY INSURANCE |
|---|---|

**Application Instructions:**
- This form is to be completed by the Applicant who has been involved in any claim or suit within the past five (5) years, or when the Applicant is aware of any circumstance that may lead to a professional liability claim.
- If additional space is needed, please use your letterhead.
- Please type or complete this supplement in ink.
- Please answer all questions completely.
- PLEASE DO NOT ATTACH SUIT PAPERS!
- PLEASE include currently valued company loss runs for the past 7 years.

1. Name of Applicant Firm:  LePatner + Associates LLP

2. Full name of individual(s) of firm involved in the claim:  LePatner + Associates LLP - Henry H. Karr

3. Full name of Claimant:  Kim Plaza, Sun Nam Su Kim  Jun HeKim, Sangok Kim  Jeffrey Kim

4. Indicate whether:  ☒ Claim/Suit  ☐ Incident

5. Date of alleged error:  __ / __ / __  MM / DD / YY          Date of Claim: __ / __ / 2011  MM / DD / YY

6. Additional Defendants:

7. IF CLOSED:

    Total Loss Paid including Deductible:  $ Ø

    Indicate whether:  ☐ Court Judgment      ☒ Out of Court Settlement

8. IF PENDING:

    Claimant's settlement demand?  $

    Defendant's offer for settlement?  $

    Insurer's loss reserve?  $

    Deductible?  $

    Is claim in Suit?  Yes ☐  No ☐      If "Yes", Amount asked in summons? $

9. NAME OF INSURER:  CNA

10. Description of claim:  Claim for fees and disbursements

    a. Alleged act, error or omission upon which Claimant bases claim:  non payment of fees.

    b. Description of case and events:  See attached

    c. Description of the type and extent of injury or damage sustained:  Loss of revenue

    d. What measures have you or will you take to prevent similar claims form arising:  Improve collection policies

**NOTICE**

I understand that the information submitted herein becomes a part of my professional liability application and is subject to the same warranty and conditions. Must be signed and dated by an Owner, Partner, or Principal as duly authorized on behalf of the applicant.

Signature of Owner, Partner or Principal          Title: Partner          Date: 12-30-16

RSG 50036 0210

| RSUI Group, Inc.<br>945 East Paces Ferry Road, Suite 1800<br>Atlanta, GA 30326-1160 | CLAIMS SUPPLEMENTAL APPLICATION FOR LAWYERS<br>PROFESSIONAL LIABILITY INSURANCE |
|---|---|

**Application Instructions:**
* This form is to be completed by the Applicant who has been involved in any claim or suit within the past five (5) years, or when the Applicant is aware of any circumstance that may lead to a professional liability claim.
* If additional space is needed, please use your letterhead.
* Please type or complete this supplement in ink.
* Please answer all questions completely.
* PLEASE DO NOT ATTACH SUIT PAPERS!
* PLEASE include currently valued company loss runs for the past 7 years.

1. Name of Applicant Firm:  LePatner + Associates LLP

2. Full name of individual(s) of firm involved in the claim:  LePatner + Associates LLP · Henry H Korn

3. Full name of Claimant:  Boylan - Ehrenkranz

4. Indicate whether:  ☒ Claim/Suit   ☐ Incident

5. Date of alleged error:  ☐ / ☐ / ☐ MM / DD / YY      Date of Claim: ☐ / ☐ / ☐ MM / DD / YY

6. Additional Defendants:  Insured was brought into a third party suit - original parties in
   case (Boylan v Ehrenkranz 43523/09 Suffolk County NY Ehrenkranz v Dows 09414/12 Suffolk County NY

7. IF CLOSED:

   Total Loss Paid including Deductible:  $ ____ - ___,___

   Indicate whether:  ☐ Court Judgment          ☐ Out of Court Settlement

8. IF PENDING:

   Claimant's settlement demand?          $ ____

   Defendant's offer for settlement?       $ ____

   Insurer's loss reserve?                 $ ____

   Deductible?                             $ ____

   Is claim in Suit?   Yes ☒   No ☐     If "Yes", Amount asked in summons? $ ____ n/a

9. NAME OF INSURER:  CNA

10. Description of claim:  See attached

    a. Alleged act, error or omission upon which Claimant bases claim:  See attached

    b. Description of case and events:  See attached

    c. Description of the type and extent of injury or damage sustained:  n/a

    d. What measures have you or will you take to prevent similar claims from arising:  None-

**NOTICE**

I understand that the information submitted herein becomes a part of my professional liability application and is subject to the same warranty and conditions. Must be signed and dated by an Owner, Partner, or Principal as duly authorized on behalf of the applicant.

_By _____ (signature)_          Partner          12-30-16

Signature of Owner, Partner or Principal          Title          Date

RSG 50036 0210

| RSUI Group, Inc.<br>945 East Paces Ferry Road, Suite 1800<br>Atlanta, GA 30326-1160 | CLAIMS SUPPLEMENTAL APPLICATION FOR LAWYERS<br>PROFESSIONAL LIABILITY INSURANCE |
|---|---|

**Application Instructions:**
- This form is to be completed by the Applicant who has been involved in any claim or suit within the past five (5) years, or when the Applicant is aware of any circumstance that may lead to a professional liability claim.
- If additional space is needed, please use your letterhead.
- Please type or complete this supplement in ink.
- Please answer all questions completely.
- PLEASE DO NOT ATTACH SUIT PAPERS!
- PLEASE include currently valued company loss runs for the past 7 years.

1. Name of Applicant Firm: **Lefatner + Associates LLP**

2. Full name of individual(s) or firm involved in the claim: **Barry B. Lefatner**

3. Full name of Claimant: **Lefatner + Associates LLP**

4. Indicate whether: ☒ Claim/Suit   ☐ Incident

5. Date of alleged error:  ___ / ___ / ___   MM  DD  YY        Date of Claim: **09** / ___ / **2013**   MM  DD  YY

6. Additional Defendants: **Thomas Jefferson School of law**

7. IF CLOSED:

   Total Loss Paid including Deductible:  $ **∅**

   Indicate whether: ☐ Court Judgment    ☒ Out of Court Settlement

8. IF PENDING:

   Claimant's settlement demand?  $ **982,000**

   Defendant's offer for settlement?  $ **700,000 - settlement**

   Insurer's loss reserve?  $ **∅**

   Deductible?  $ **∅**

   Is claim in Suit?   Yes ☒    N *    If "Yes", Amount asked in summons? $ **982,000**

9. NAME OF INSURER: **CNA**

10. Description of claim: **Claim for fees + disbursement for services by LePatner + Associates + several consultants**

   a. Alleged act, error or omission upon which Claimant bases claim: **Non payment**

   b. Description of case and events: **Suit was filed in Federal Court in San Diego**

   c. Description of the type and extent of injury or damage sustained: **Loss of revenue**

   d. What measures have you or will you take to prevent similar claims form arising: **Close management of receivable**

**NOTICE**

I understand that the information submitted herein becomes a part of my professional liability application and is subject to the same warranty and conditions. Must be signed and dated by an Owner, Partner, or Principal as duly authorized on behalf of the applicant.

Signature of Owner, Partner or Principal    Title: **Partner**    Date: **12-30-16**

RSG 50036 0210

CONFIDENTIAL    RSUI_001771

| RSUI Group, Inc.<br>945 East Paces Ferry Road, Suite 1800<br>Atlanta, GA 30326-1160 | CLAIMS SUPPLEMENTAL APPLICATION FOR LAWYERS<br>PROFESSIONAL LIABILITY INSURANCE |
|---|---|

**Application Instructions:**
* This form is to be completed by the Applicant who has been involved in any claim or suit within the past five (5) years, or when the Applicant is aware of any circumstance that may lead to a professional liability claim.
* If additional space is needed, please use your letterhead.
* Please type or complete this supplement in ink.
* Please answer all questions completely.
* PLEASE DO NOT ATTACH SUIT PAPERS!
* PLEASE include currently valued company loss runs for the past 7 years.

1. Name of Applicant Firm: LePatner + Associates LLP

2. Full name of individual(s) of firm involved in the claim: LePatner Associates LLP   Barry B. LePatner

3. Full name of Claimant: - LePatner - Associates LLO

4. Indicate whether: ☐ Claim/Suit   ☐ Incident

5. Date of alleged error: __ / __ / __   MM  DD  YY        Date of Claim: 05 / __ / 2016   MM  DD  YY

6. Additional Defendants: __ . 7-11th Street Condominium

7. IF CLOSED:

   Total Loss Paid including Deductible: $ 43414.00

   Indicate whether: ☐ Court Judgment        ☒ Out of Court Settlement

8. IF PENDING:

   Claimant's settlement demand?   $ ____
   Defendant's offer for settlement?   $ ____      N/A
   Insurer's loss reserve?   $ ____
   Deductible?   $ ____

   Is claim in Suit?   Yes ☐   No ☐      If "Yes", Amount asked in summons? $ ____

9. NAME OF INSURER: CNA

10. Description of claim: Claim for unpaid fees + disbursements

    a. Alleged act, error or omission upon which Claimant bases claim: N/A

    b. Description of case and events: Portions of LePatner Bills were paid - others unpaid -

    c. Description of the type and extent of injury or damage sustained: loss of revenue.

    d. What measures have you or will you take to prevent similar claims form arising: Closer management of receivables

**NOTICE**

I understand that the information submitted herein becomes a part of my professional liability application and is subject to the same warranty and conditions. Must be signed and dated by an Owner, Partner, or Principal as duly authorized on behalf of the applicant.

| _____ | Partner | 12-30-16 |
|---|---|---|
| Signature of Owner, Partner or Principal | Title | Date |

RSG 50036 0210

CONFIDENTIAL                                                      RSUI_001772

Your policy has been signed on our behalf by our President and by our Secretary and Treasurer. However, your policy will not be binding on us unless it is also countersigned by one of our duly authorized agents.

President

**Landmark American Insurance Company**
**Covington Specialty Insurance Company**

Secretary

**Landmark American Insurance Company**
**Covington Specialty Insurance Company**

RSUI_001773

RSG 51029 1114

A member of Alleghany Insurance Holdings LLC

CONFIDENTIAL

RSUI_001774